■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM P. DUNN, Appellant, v. VINCENT R. MANCUSI, as Warden of Attica Correctional Facility, Respondent.— Appeal unanimously dismissed as moot. (See *People ex rel. Wilder* v. *Markley*, 26 N Y 2d 648.) (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.

■ In the Matter of GERALD S. JAEGER, Respondent, v. JOHN L. JOHNSON, a Town Justice of the Town of Henrietta, et al., Appellants.— Judgment unanimously reversed, without costs and proceeding dismissed. Memorandum: Petitioner was arrested on April 26, 1969 and charged with driving while intoxicated in violation of section 1192 of the Vehicle and Traffic Law. After several adjournments, petitioner on December 4, 1969 demanded a jury trial which the Town Justice scheduled for January 19, 1970. In this proceeding for prohibition, Special Term held that jurisdiction over petitioner was lost because the Town Justice did not set a trial date between 10 and 30 days from the demand pursuant to section 1301 of the Uniform Justice Court Act. Articles 2 through 19 of the Uniform Justice Court Act cover civil jurisdiction and procedure. Section 1301 is in article 13 which provides for trials in civil cases and is not applicable. Article 20 of the Uniform Justice Court Act which deals with criminal jurisdiction and procedure contains no requirement that a date for a jury trial in a criminal case be set between 10 and 30 days after demand, and, therefore, prohibition should not have been granted. (Appeal from judgment of Monroe Special Term granting petition in article 78 proceeding.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.